UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY A. GUY,

        Plaintiff,

        v.                                Case No. 13-C-0178

CAROLYN W. COLVIN
Acting Commissioner of Social Security,

        Defendant.

ORDER GRANTING PLAINTIFF'S PETITION FOR AUTHORIZATION OF AN ATTORNEY FEE PURSUANT TO THE SOCIAL SECURITY ACT

    Petitioner, Thomas Bush, as the attorney for Kimberly Guy, filed a petition for attorney's fees pursuant to § 206(b)(1) of the Social Security Act ("SSA"), 42 U.S.C. § 206(b)(1), in the amount of $32,562.75. Plaintiff previously entered into a fee agreement with counsel, which provided for payment of attorney's fees in an amount equal to 25% of the past-due benefits awarded to plaintiff and her family in the event that she prevailed. (Doc. 26-9.) Soon after plaintiff's brief was filed, the Commissioner agreed that this case should be remanded. On December 30, 2013, United States Magistrate Judge Patricia J. Gorence granted the parties' stipulation to the award of attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $4,500. Subsequent proceedings resulted in an October 3, 2013, decision that was fully favorable for plaintiff and her minor child. The notice of past due benefits was issued on February 15, 2015. In the pending petition, Attorney Bush seeks an award based on his representation of plaintiff but not her minor child.

    Attorneys handling Social Security proceedings in court may seek fees for their work under the EAJA and the SSA. While EAJA fees are awarded based on a statutory maximum hourly rate, SSA fees are based on reasonableness, with a maximum of twenty-five percent

of claimant's past-due benefits. 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir.1994). Further, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A) whereas SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1). If counsel is awarded fees under the EAJA and the SSA, counsel must refund the smaller amount to the claimant. See *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Attorney Bush seeks an SSA award under section 206(b)(1) which provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Here, plaintiff was notified that the total amount of her past due benefits was $130,251.90, and that $32,562.75 or 25% of the past due benefits had been withheld for her attorney. Although her minor child will also receive past due benefits as a result of the decision for a total award of $190,296.90, Attorney Bush is only seeking fees based on the award to the plaintiff. Upon receipt of the award, Attorney Bush has agreed to remit the EAJA

2

attorney fee of $4,500 to the plaintiff resulting in a net attorney fee of $28,062.75 (the equivalent to a 21.5% attorney fee).

Based on the documents provided, Attorney Heather Freeman billed 20.8 hours and Attorney Thomas Bush billed 4.4 hours in connection with this litigation for a total of 25.20 compensable hours. Their efforts resulted in a favorable decision and a sizeable award of past due benefits. Admittedly, the fee agreement results in an hourly fee of $1,292.15; however, the court also considers the contingency representation as a factor in its decision. Additionally, plaintiff has filed a statement asking the court to approve the fee of $32,562.98 pursuant to the attorney fee contract dated February 20, 2013, and the court has no reason to doubt the sincerity of that request. As a final matter, Attorney Bush represents that Attorney Heather Freeman has a "history of obtaining similar or greater de facto hourly rates and attorney fee authorizations" and cites to the relevant district court decisions in the Northern and Middle Districts of Florida, the Northern District of Illinois, Eastern District of Michigan, and the Western District of Wisconsin.

In response, the Commissioner asserts that the requested amount is unreasonable and represents a windfall. The Commissioner admits that the fee is taken from the award, but asserts that its role resembles "that of a trustee for the plaintiff." Hence, the Commissioner questions the hourly rate, as well as the absence of any facts that would warrant the sizeable fees in this case. Moreover, the Commissioner suggests that "it appears that the large fee requested is based solely on the size of the past-due benefits based on a contract of adhesion." (Doc. 27.)

The court has reviewed the record and documents filed in connection with this motion and will approve the fee in this case, which after the return of the EAJA fee, represents an

3

award of 21.5%. The efforts of counsel resulted in a six-figure past due benefits award for plaintiff and additional benefits for her minor child. Both Attorneys Freeman and Bush assumed the risk of not being compensated for their efforts by accepting the case on a contingency basis, which, as the Commissioner is aware is the practice in social security disability law. Further, it is true that the Commissioner expedited the process by agreeing to a remand shortly after the plaintiff's brief was filed. Nevertheless, the court has no reason to believe that plaintiff's counsel is responsible in any way for a delay that resulted in the accrual of a large amount of past due benefits. Finding no basis to question the character of counsel's representation and being otherwise satisfied that the award is reasonable and consistent with the Social Security Act, the court will not further reduce the award.

Now, therefore,

IT IS ORDERED that Attorney Bush's petition for attorney's fees is granted. Pursuant to 42 U.S.C. § 406(b), counsel is awarded fees in the amount of $32,562.75.

IT IS FURTHER ORDERED that, upon the receipt of the attorney's fee award of pursuant to § 206(b) of the Social Security Act, counsel for the plaintiff is to immediately forward to the plaintiff the EAJA attorney's fee award of $4,500.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2016.

        BY THE COURT

        /s/ C. N. Clevert, Jr.
        C. N. Clevert, Jr.
        U.S. District Judge